**COON CREEK WATERSHED DISTRICT, et al., petitioners, Appellants,**

v.

**STATE of Minnesota ENVIRONMENTAL QUALITY BOARD, et al., Respondents.**

No. 81–394.

Supreme Court of Minnesota.

Feb. 12, 1982.

Gislason, Dosland, Hunter & Malecki and James H. Malecki, New Ulm, for appellants.

Warren Spannaus, Atty. Gen., and Catharine F. Haukedahl, Sp. Asst. Atty. Gen., St. Paul, for respondents.

TODD, Justice.

Coon Creek Watershed District (District) is charged with the operation and maintenance of Anoka County Ditch No. 58 which is 8.2 miles in length. In response to a petition of landowners the District determined to repair the ditch. A petition was filed with the Environmental Quality Board of the State of Minnesota (EQB) asking for the preparation of an Environmental Impact Statement (EIS). The EQB ordered the preparation of an EIS. The District appealed to the district court which affirmed the order of the EQB. We affirm.

Anoka County Ditch No. 58 was constructed in 1917 and the main ditch is 8.2 miles in length. There are 10.3 miles of branch ditches not involved in this litigation. Originally the ditch was under the supervision of Anoka County, but management responsibility was transferred to the District and renamed Coon Creek Watershed District Ditch No. 58.

In response to a petition from adjoining landowners the District hired an engineer to assess the need for ditch repairs. The engineer determined that the ditch was badly overgrown and needed to be cleared. It had not been repaired since its construction in 1917. Opponents of the repair petitioned the EQB which, after hearings, ordered the preparation of an EIS. The District appealed this order relying on the statutory mandate requiring them to repair the ditch. The EQB found that "although a ditch repair is generally not considered to be the type of action requiring an EIS, Ditch No. 58 is distinguished by its length of 8.2 miles." The EQB concluded that the repair would have significant environmental impact and ordered preparation of an EIS.

The issues presented are whether an EIS can be required for a statutorily mandated repair of a county ditch and who should bear the cost of such a statement.

1. Coon Creek Watershed District contends that the statutory mandate to maintain the ditch exempts it from the provision of the Environmental Protection Act (EPA) which requires that an EIS be prepared "[w]here there is potential for significant environmental effects resulting from any major governmental action * *." Minn.Stat. § 116D.04, subd. 2a (1980). The statute which governs ditch repair provides:

"After the construction of a drainage system has been completed, the ditch authority *shall* maintain the same or such part thereof as lies within the county and provide the repairs required to render it efficient to answer its purpose."

Minn.Stat. § 106.471, subd. 2(a) (1980) (emphasis added).

While the watershed board is required to make necessary repairs, we disagree that the repair project is thereby exempt from the EPA. The requirement of an EIS does not preclude the repair but merely ensures that the environmental effects will be considered and that the repair will be done in the least harmful way. As the EQB states in its brief:

[A]n EIS is not a decision-making document. It does not and cannot prohibit a project from proceeding. Rather an EIS is an informational document. An EIS examines the environmental consequences of an action, explores alternatives, and suggests measures which could be helpful in mitigating any adverse envi-

ronmental impact caused by the action. (citations omitted).

In addition, the EPA requires that, where possible, other state laws be interpreted and administered in accordance with its provisions. Minn.Stat. § 116D.03, subd. 1 (1980). *See Erickson v. Sunset Memorial Park Ass'n*, 259 Minn. 532, 108 N.W.2d 434 (1961) (statutes should be reconciled with EPA as to any apparent conflict). As we have noted above, the requirement of an EIS does not conflict with the statutorily mandated ditch repair. The ditch repair statute itself states:

> In any proceeding for the establishment or construction of a public drainage system or ditch or for the repair * * * affecting such system or ditch * * * the authority having jurisdiction of the proceeding in determining whether or not the project will be in furtherance of present or future public utility, benefit, or welfare, shall give due consideration to conservation of soil, water, forest, wild animals, and related natural resources, and to other public interests affected, together with other material matters as provided by law.

Minn.Stat. § 106.671 (1980).

■ The District argues that requiring it to prepare an EIS will delay the necessary ditch repairs. There are no time limits imposed by Chapter 106 for making repairs, however, and in fact Ditch No. 58 has not been repaired since its construction in 1917.

There being no apparent conflict between the ditch repair statute and the requirement of filing an EIS, we affirm the order of the EQB.

■ 2. The District raises the question of who should bear the cost of preparing an EIS if the ditch is not thereafter repaired. We have determined that the preparation of an EIS will not preclude the District from carrying out the mandatory repairs, therefore we need not address this issue. The cost of the EIS is merely an additional cost item of the project and can be assessed against the benefited landowners in the same manner as other costs incurred in the repair of Ditch No. 58.

Affirmed.

KELLEY, J., took no part in the consideration or decision of this case.